**In re DAMO CORPORATION, Debtor.**

**Daniel L. BAKST, as Trustee, Plaintiff,**

**v.**

**MAR–FLITE LIMITED, Defendant.**

**Bankruptcy No. 89–01871–BKC–TCB.**

**ADV. No. 89–0213–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

June 23, 1989.

---

Kimbrell & Hamann, P.A., Miami, Fla., for trustee.

Daniel L. Bakst, West Palm Beach, Fla., Trustee.

Robert S. Forman, Ft. Lauderdale, Fla., for DAMO.

Scott A. Orth, Hall, Poller & O'Brien, Miami, Fla., for Mar–Flite.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee seeks the avoidance of the debtor's transfer of a yacht (the Motivation) to the defendant. The trustee alleges a fraudulent transfer under 11 U.S.C. § 548(a)(2) (constructive fraud) and § 548(a)(1) (actual fraud). At trial plaintiff abandoned Count III under *Fla.Stat.* § 726.101. The defendant transferee has answered. The matter was tried on June 6.

The trustee makes no effort to recover from Seymour Ravinsky, the debtor's principal. Ravinsky is in this court as an involuntary debtor. Instead, the trustee pursues the defendant purchaser under § 550(a) as the initial transferee.

For the reasons summarized below, I now conclude that plaintiff has failed to carry its burden of proving the elements of either count, and the complaint must be dismissed with prejudice.

The critical facts are simple and essentially undisputed. The inferences and conclusions to be drawn from those facts are the battleground here.

On April 5, 1989 the Motivation was sold by the debtor corporation to the defendant in Nassau. The debtor's principal and sole shareholder, Seymour Ravinsky, negotiated the terms of the sale directly with the defendant's principal, Sam Hashman. The total sale price offered and accepted was $3,760,000. Defendant paid $1,117,906 in cash to the debtor, after adjustments for costs and deductions, including a $2,544,000 payment to a lienholder. On April 10, Ravinsky caused the debtor, Damo, to transfer the cash proceeds to his personal account. Business entities in which Ravinsky had substantial interests came under assignment in a Canadian bankruptcy proceeding on April 5, 1989. An involuntary petition was filed against Damo Corp. in this court on April 19, 1989.

### Count I

Under § 548(a)(2), the trustee must prove (1) the transfer of an interest in the debtor's property, (2) within a year before bankruptcy, (3) for which the debtor received less than a reasonably equivalent value, and (4) that the debtor was then or was thereby rendered insolvent.

Defendant disputes the third and fourth elements, and I agree.

### Reasonably Equivalent Value

The sale price of the yacht was $3,760,000. The trustee alleges that its value was not less than $4.4 million. (CP 1 ¶ 6). The trustee's evidence of value relies on a listed sale price for the Motivation in January 1989 of $5.5 million, the fact that prior offers of $4.5 million and $4 million were turned down, and that the yacht was insured for $4.5 million.

The trustee's evidence is inconclusive and contradictory. One of the trustee's witnesses, a marine surveyor, admitted that the amount paid by defendant was within the range of the reasonable value of the yacht. The trustee has failed to prove his third element.

### Insolvency

The testimony of the trustee's witness on the issue of Damo's insolvency is unsupported by records of the debtor or any reliable documentation. This witness,

Downey, who is an accountant in Canada, has not examined any books and records of the debtor. He relies on a purported $1.4 million liability of Damo to a related Ravinsky-owned Canadian company, Guardall Warranty, to reach his conclusion that Damo's liabilities exceeded its assets after the subject sale, even before the proceeds were transferred to Ravinsky.

Guardall and Damo were under the domination and control of Ravinsky. A loan of $1.4 million to Damo [for construction of the yacht] is reflected in Guardall's records before Damo was incorporated. This anomalous circumstance is the only basis for the alleged debt and is acknowledged in the trustee's memorandum (CP 76 at p. 8). I am unpersuaded that insolvency has been proved by:

> "bookkeeping entries ... made by the senior financial officers of Guardall Warranty and Guardall Financial who were employed by Seymour Ravinsky." *Id.*

The trustee has failed to prove his fourth element.

### Count II

■ Alternatively, under § 548(a)(1), the trustee must prove that the transfer was made with "actual intent to hinder, delay or defraud" any creditor. The trustee has to prove actual intent on the part of the corporate transferor. He seeks to attribute intent by the individual, Ravinsky, to the corporation Damo. The question is whether the debtor had an actual intent through this transaction to delay or defraud creditors, and, if so whether the purchaser acted in good faith.

I recognize that this court may infer a fraudulent intent for the purpose of § 548(a)(1) where:

> "the concurrence of facts which, while not direct evidence of actual intent, lead to the irresistible conclusion that the transferor's conduct was motivated by such intent." 4 *Collier on Bankruptcy* ¶ 548.02[5] n. 46. (15th Ed.1989).

There is no question that the events surrounding this sale occurred. However, the trustee's suspicion of a scheme, which was concluded by Ravinsky's drawing the sale proceeds out of the corporation, is insufficient to impute intent to defraud, or to extend the smear of bad faith to the defendant.

I am unable to infer that the debtor had the intent now ascribed to it by the trustee's counsel. I find that the trustee has failed to carry his burden of proving an actual intent to delay or defraud creditors.

Alternatively, I find that the defendant purchaser acted in good faith, free from any duty to inquire or discover Ravinsky's intentions from the facts available to it at the time of sale. The trustee has failed to present sufficient evidence to impute any fraudulent intent or bad faith to the defendant.

Accordingly, Count II must be dismissed with prejudice.

### § 550(b)(1) Defense

■ Even if the trustee has carried his burden of proving an avoidable transfer, which he has not, he must also bring his claim within § 550 to effect recovery from the defendant. Each Count fails here for the additional ground that the defendant has proved its defense under § 550(b)(1).

The defendant's knowledge of the debtor is limited to this transaction for the sale of the yacht. The defendant's payment of reasonably equivalent value and its efforts to verify clear record title have been established by the evidence. In addition, there was no duty on the defendant to make further inquiry from the fact that an individual came on board the yacht to investigate without disclosure of his purpose, or then to be held accountable for the alleged scheme of Ravinsky.

The defendant purchased the yacht for value, in good faith, and without knowledge of the voidability of the transfer, if in fact it is avoidable. Therefore, the trustee would not be entitled to any recovery from defendant even if he had established the voidability of the transfer.

As is required by B.R. 9021, a separate judgment will be entered dismissing the

complaint with prejudice. Costs may be taxed on motion.

DONE and ORDERED.